U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Oct 13 - 2026
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

DAVID B. DOREY, a/k/a MR. D. B. DOREY,

Plaintiff,

v. Civil Action No. 8:26-cv-2104 (ECC/MJK)

TOWN OF NEWCOMB,

Defendant.

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND COMPENSATORY RELIEF

UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff David B. Dorey, also known as Mr. D. B. Dorey, alleges as follows:

NATURE OF ACTION

1. This is an action under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. sections 12131 through 12134, arising from Defendant Town of Newcomb's failure to provide Plaintiff meaningful access to the Town-owned Lake Harris Town Beach and public programs and activities conducted there.

2. Plaintiff seeks declaratory relief, preliminary and permanent injunctive relief, compensatory damages, costs, and such other relief as may be appropriate.

3. Plaintiff uses a battery-powered wheelchair. The Town Beach's parking areas, routes of travel, restroom approaches, food-service area, pavilion, seating, playground, and shoreline are not usable by Plaintiff in that wheelchair.

4. As a result, Plaintiff is excluded from ordinary use of the Town Beach and from public events and activities conducted there.

JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. section 1331 because this action arises under federal law, including Title II of the ADA, 42 U.S.C. section 12132.

6. This Court may grant the remedies, procedures, and rights provided by 42 U.S.C. section 12133 and 29 U.S.C. section 794a.

7. Venue is proper in the Northern District of New York under 28 U.S.C. section 1391(b) because Defendant is located in this District and a substantial part of the events and omissions giving rise to this action occurred in Essex County, New York.

PARTIES

8. Plaintiff David B. Dorey, also known as Mr. D. B. Dorey, is a resident of the Town of Newcomb, Essex County, New York. Plaintiff resides at 1380 Goodnow Flow Road, Newcomb, New York 12852, and receives mail at P.O. Box 409, Newcomb, New York 12852.

9. Plaintiff is a qualified individual with a disability within the meaning of Title II. Plaintiff has a permanent mobility disability and uses a battery-powered wheelchair because Plaintiff cannot walk properly. Plaintiff has been certified as permanently disabled by a physician's assistant. Plaintiff lives alone and without local assistance, so any accommodation that assumes a helper is available to Plaintiff is not workable.

10. Defendant Town of Newcomb (Town) is a municipal public entity in Essex County, New York. The Town owns and operates the Lake Harris Town Beach (Town Beach) and conducts, sponsors, or makes available public programs, services, activities, and events there.

## FACTUAL ALLEGATIONS

11. The Town Beach is a public recreational facility owned and operated by the Town on Lake Harris.

12. The Town Beach is used for general public beach access and for public food and community events conducted at or through the cook shack and event area.

13. The Town sponsors or makes available public events at the Town Beach, including an annual Newcomb Lions Club Chicken Barbecue held for the benefit of the Newcomb Lions Club and an annual Newcomb Volunteer Fire Department Steak Roast. The Town also conducts or makes available customary concert programming at the Town Beach, along with other various community functions.

14. Plaintiff cannot independently access or use the Town Beach program in Plaintiff's battery-powered wheelchair because of barriers throughout the facility.

15. The paved parking area ends at a dirt path that is substantially below the paved surface, creating an abrupt grade transition.

16. Beyond that transition, the principal routes through the Town Beach compound are dirt, and the beach surface is sand.

17. Plaintiff's battery-powered wheelchair cannot safely traverse the dirt and sand routes or the abrupt transition between the pavement and the dirt path.

18. On multiple other occasions not separately photographed, Plaintiff's wheelchair became stuck in the dirt and sand at the Town Beach. On each occasion, Plaintiff was able to free the wheelchair only after considerable physical effort, by repeatedly shifting Plaintiff's body weight, and became physically exhausted in the process. No Town employee, volunteer, or other person present offered any assistance.

19. A chain is strung between trees at the footpath and, during open hours, has been left lying across the path, creating an additional barrier and a tripping hazard.

20. The Town Beach restroom ramps have substantial gaps between the ends of the ramps and the adjoining dirt surfaces. The dirt approach and the gaps prevent Plaintiff from independently reaching and using the restroom facilities.

21. The cook shack, where food is ordered, paid for, collected, or served during events, is accessible only by steps.

22. The pavilion has a dirt floor unsuitable for safely using Plaintiff's wheelchair. Its picnic tables are spaced too closely for a wheelchair to pass safely between them, and the available tables are standard bench-attached picnic tables that Plaintiff cannot approach and use from Plaintiff's wheelchair.

23. The playground area is bordered by timbers and has no wheelchair-accessible route, preventing Plaintiff from entering that portion of the Town Beach compound.

24. The paved parking lot displays accessible-parking signs but lacks marked accessible parking stalls and access aisles. The only visible pavement striping is limited no-parking marking. The space nearest the dirt access path is marked 'Bus Parking Only' for the Town's own shuttle bus rather than being made available as accessible parking. Even where an accessible-parking sign is present, the absence of a marked stall, access aisle, and usable route into the Town Beach compound prevents the parking arrangement from providing Plaintiff effective access to the Town Beach program.

25. The Town Beach overflow lot consists of loose stone and has no firm, stable, usable pathway connecting it to the Town Beach compound or to any Town Beach facility. The overflow lot has no marked accessible parking spaces, no access aisles, and no signs designating accessible parking. Its general parking striping is faded, irregular, and difficult to see.

26. The Town Beach has no usable accessible route from parking through the compound to the shoreline or water's edge.

27. The docks require a step up of approximately seven to ten inches onto narrow, floating structures and do not provide a usable means for Plaintiff to reach or use them in Plaintiff's wheelchair. The ramp at the Town's boat launch terminates in mud and vegetation short of any firm or hard-surfaced ground and does not connect to a usable route from the compound. The ramp providing access to the swimming-area dock is submerged underwater and cannot be used to reach that dock.

28. Because of these barriers, Plaintiff cannot independently reach or use the restroom facilities, cook shack and food-service area, pavilion, seating, playground, beach, shoreline, or water-related portions of the Town Beach program.

29. On June 28, 2026, Plaintiff wrote to Town Supervisor Mary Lamphear and the Town Clerk to request accessible access to the Town-owned Lake Harris Town Beach. A true and correct copy of that request is attached as Exhibit A.

30. In the June 28 request, Plaintiff identified that the existing dirt and sand routes prevented wheelchair access and requested practical measures, including a firm, stable, slip-resistant route; accessible parking connected to the beach; reachable restroom facilities; a beach wheelchair; and accessibility information.

31. Plaintiff also explained that the request concerned the Town's own Lake Harris Town Beach, rather than a separate New York State campground beach on the opposite side of Lake Harris.

32. On June 30, 2026, Supervisor Lamphear responded for the Town. A true and correct copy of the Town's response is attached as Exhibit B.

33. The Town's June 30 response acknowledged Plaintiff's correspondence about accessibility at the Town-owned beach on Lake Harris.

34. The Town stated that it recognized its obligations under Title II of the ADA and that it was committed to providing meaningful access to its programs, services, and activities consistent with applicable law.

35. The Town stated it could not represent that permanent physical improvements would be completed before upcoming public events.

36. The Town offered transportation assistance by golf cart and parking-attendant assistance for the July 4 and July 25, 2026 events.

37. The Town stated that it would review the concerns in consultation with the Town Attorney and other appropriate resources and would provide a further response after completion of that review.

38. On July 3, 2026, Plaintiff sent a consolidated written ADA demand to the Town. A true and correct copy is attached as Exhibit C.

39. Plaintiff's July 3 demand described the specific barriers at the Town Beach, including inaccessible routes of travel, the chain across the path, restroom approach gaps, cook-shack steps, pavilion and seating barriers, inaccessible parking, inaccessible playground, and lack of access to the shoreline.

40. Plaintiff requested outcomes that would allow Plaintiff to access and use the Town Beach program, while leaving the Town flexibility concerning reasonable methods and phasing.

41. Plaintiff acknowledged the Town's offer of event-day golf-cart transport but explained that the offer did not permit Plaintiff to independently use the Town Beach or reach the facilities and activities at issue.

42. The golf-cart offer did not create a usable wheelchair route through the Town Beach compound, provide access to the sand or shoreline, permit wheelchair access to the cook shack, make the pavilion or its seating usable, repair the restroom-route barriers, or provide accessible parking.

43. The golf-cart offer was limited to the identified event days and did not provide Plaintiff meaningful access to the Town Beach on ordinary days or to the Town Beach program as a whole. Even if Plaintiff could be driven by golf cart to the pavilion, Plaintiff could not use the pavilion tables, buy or collect food at the cook shack because it is accessible only by steps, independently reach or

use the restrooms, access the beach or shoreline, or access the playground. The golf cart therefore functioned only as transportation to a location where Plaintiff remained unable to meaningfully participate in the event or the Town Beach program.

44. Plaintiff requested a written response within thirty days identifying the measures the Town would implement, a timeline, and effective alternatives for any measure the Town believed could not be provided.

45. Plaintiff repeatedly offered to meet with Town officials by recorded video conference to discuss and resolve the accessibility matters. Plaintiff proposed video conferencing because travel from Plaintiff's remote home is arduous and because that format would accommodate Plaintiff's need to limit potential exposure to illness. The Town did not respond to or accept Plaintiff's requests to meet.

46. The Town has not provided the further response promised in its June 30, 2026 letter.

47. The Town has not identified an effective alternative that provides Plaintiff meaningful access to the Town Beach program.

48. The Town continues to operate the Town Beach and make its programs, activities, and facilities available to persons who can walk across the dirt, sand, grade changes, steps, and other barriers, while Plaintiff remains excluded because of disability.

49. The Town's exclusion of Plaintiff from the Town Beach and its associated community programs has caused Plaintiff isolation, emotional distress, humiliation, and loss of equal opportunity to participate in local public and community life.

COUNT I

TITLE II OF THE AMERICANS WITH DISABILITIES ACT

42 U.S.C. section 12132

50. Plaintiff repeats and realleges paragraphs 1 through 49 as if fully stated here.

51. Plaintiff is a qualified individual with a disability.

52. The Town is a public entity within the meaning of Title II of the ADA.

53. The Town Beach and the recreational and public-event activities conducted there are services, programs, or activities of the Town.

54. By reason of Plaintiff's disability and the Town's inaccessible operation of the Town Beach program, the Town has excluded Plaintiff from participation in, denied Plaintiff the benefits of, and otherwise discriminated against Plaintiff with respect to those services, programs, and activities.

55. The Town had actual knowledge of Plaintiff's disability, the access barriers, the requested accommodations, and the exclusion those barriers cause.

56. The Town's limited golf-cart offer for two events is not an effective accommodation for the Town Beach program. It did not provide Plaintiff meaningful access to the routes, facilities, food-service functions, seating, restrooms, beach, shoreline, or activities identified above. At most, it offered transportation to the pavilion while leaving Plaintiff unable to use the pavilion tables, purchase or collect food from the cook shack, independently use the restrooms, reach the beach or shoreline, or access the playground.

57. The Town's failure to provide meaningful access and its failure to provide the further substantive response it promised after review constitute ongoing discrimination under Title II of the ADA.

58. Defendant Town of Newcomb, acting through Town Supervisor Mary Lamphear, had actual knowledge of Plaintiff's disability, the barriers excluding Plaintiff from the Town Beach program, Plaintiff's requested accommodations, and the substantial likelihood that Plaintiff was being denied meaningful access. As Town Supervisor, Lamphear possessed the authority to correct those barriers on the Town's behalf. Despite that knowledge and authority, the Town acknowledged its Title II obligations, offered only limited event-day golf-cart transportation that did not provide meaningful access to the program, promised a further substantive response after review, and then failed to provide that response or an effective accommodation. This conduct constituted deliberate indifference to Plaintiff's federally protected rights. See Loeffler v. Staten Island Univ. Hosp., 582

F.3d 268, 275–76 (2d Cir. 2009) (deliberate indifference requires actual knowledge, authority to correct, and failure to respond adequately).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that the Town's present operation of the Lake Harris Town Beach and related Town programs violates Title II of the ADA as applied to Plaintiff;

B. Enter preliminary and permanent injunctive relief requiring the Town to provide Plaintiff meaningful access to the Lake Harris Town Beach program, including effective access from accessible parking to the beach compound, restrooms, food-service or transaction access, pavilion or seating areas, and the shoreline, by measures usable by Plaintiff in Plaintiff's battery-powered wheelchair;

C. Require the Town to adopt and implement a written accessibility plan and implementation schedule addressing the barriers alleged in this Complaint and provide effective interim access while permanent measures are completed;

D. Award Plaintiff compensatory damages in an amount to be proven at trial for injuries caused by the Town's deliberate indifference to Plaintiff's federally protected rights;

E. Award Plaintiff costs and such other relief as the Court finds just and proper; and

F. Grant any further declaratory, injunctive, equitable, or monetary relief to which Plaintiff is entitled.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 09/20/26, 2026

Respectfully submitted,

David B. Dorey, a/k/a Mr. D. B. Dorey
P.O. Box 409
1380 Goodnow Flow Road
Newcomb, New York 12852
disposable300@protonmail.com
Fax: +1 518 740 3563
Plaintiff Pro Se